IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SALVADOR RUBIO,** )<br>)<br>            **Plaintiff,**    )<br>)<br>vs.                                              )<br>)<br>**REBBECCA COWAN,**           )<br>**KIMBERLY BUTLER,**           )<br>**TERRI ANDERSON, and**     )<br>**JOHN BALDWIN,**                  )<br>)<br>            **Defendants.**    ) | **Case No. 3:15-cv-01094-SMY** |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

      Plaintiff Salvador Rubio is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Rubio has filed a civil rights action pursuant to 42 U.S.C. § 1983 against several Illinois Department of Corrections officials. (*Id*.) Rubio claims that the defendants violated his Eighth Amendment rights when they failed to place him in protective custody at Menard after he received gang-related threats from other inmates at the prison. (*Id.* at 3-5.) Rubio seeks injunctive relief. (*Id.* at 5.)

      This matter is now before the Court for a preliminary review of Rubio's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

**Background**

Sometime on or around June 1, 2015, Rubio was transferred to Menard from another Illinois Department of Corrections facility. (Doc. 1 at 3.) Shortly after his arrival at Menard, Rubio was interviewed by Rebecca Cowan and the Protective Custody Committee concerning his request for protective custody at Menard. (*Id.*) Rubio claims that he provided the committee with "names, dates, [and a] location" to justify protection. (*Id.*) While his complaint and the attachments to it are sometimes difficult to follow, Rubio seemingly encountered a Latin King gang member after he arrived at Menard in 2015, who told Rubio to "leave [the prison] or else." (*Id.* at 8.) Rubio relayed that information to the committee. (*Id.*) Rubio also told the committee that he had been placed in protective custody at Menard in 2012 based on a threat to his safety by the "Insane Unknown" and "Latin King" security threat groups; Rubio purportedly "retired" his position as an "Insane Unknown" member in 2012 and refused to rejoin the threat group. (*Id.* at 3.) Rubio advised the committee that this previous basis for protective custody "remained at the center" of his current need for gang-related protective custody at Menard. (*Id.*)

On September 21, 2015, Rubio was denied protective custody by Anderson and Baldwin. (*Id.*) He was then housed in Menard's general population at the East Cell House. (*Id.* at 3-4.) When Rubio arrived at the East Cell House, he was "immediately confronted" by threat group members, who told Rubio he could not stay in the general population unless he rejoined the "Insane Unknown[s]." (*Id.* at 4.) "Fearing for his life," Rubio tried to sign back into protective custody on September 25, 2015, but was rebuffed by Cowan. (*Id.*) Rubio remains in the East Cell House at Menard, where he has "confined" himself to his cell "out of fear for his safety." (*Id.* at 5.) According to Rubio, other threat group members are housed in his gallery. (*Id.* at 4.) On October 5, 2015, Rubio filed a civil rights complaint in this Court. (*Id.* at 1.)

**Discussion**

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to organize the claims in Rubio's *pro se* complaint into counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Cowan, Anderson, and Baldwin failed to protect Rubio from a risk of danger when they did not provide him with protective custody after his initial June 2015 request, in violation of the Eighth Amendment.
>
> **COUNT 2:** Cowan failed to protect Rubio from a renewed risk of gang-related danger when she denied Rubio access to protective custody on September 25, 2015, in violation of the Eighth Amendment.

Both of Rubio's claims deal with a failure to protect him from threats at Menard, so the Court will address both claims under the same legal standard. To state a failure-to-protect claim, a prisoner "must allege facts from which a court could conclude that he faces a substantial risk of serious harm, and that the defendants knew of and disregarded that risk." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). This type of claim involves a two-part inquiry: the plaintiff must first allege that he faced a "tangible threat" to his safety that reflects a risk of serious harm; and must then allege that the named defendants were deliberately indifferent to that risk. *Id.*

While it is a close case, Rubio has alleged sufficient facts to plead the first prong of a failure to protect claim, at least for purposes of screening review. To be sure, the standard for substantial risk is a high one; the risk must be "so great" that it is "almost certain to materialize if nothing is done." *Delgado v. Stegall*, 367 F.3d 668, 672 (7th Cir. 2004). That said, at the pleading stage, the standard is not "insurmountable" – substantial risk can exist when a prisoner has a known propensity of violence towards an individual, when an attack is "highly probable,"

or when particular prisoners pose a "heightened risk of assault to the plaintiff." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005).

Here, Rubio claims that, prior to his initial request for protective custody, one prisoner told him he would need to "leave [the prison] or else." He further claims that, prior to his renewed request for protective custody, another prisoner told him that he must rejoin his gang or leave the general population. At the screening stage, these allegations are enough to suggest an arguably considerable risk to Rubio when he first sought protective custody and when he sought protection again in late September 2015. *See Wilson*, 451 F. App'x at 590 ("broad charges" of gang issues not sufficient to state a claim, but "the existence of a threat or history of violence" in the gang context might state a claim at the preliminary screening stage).

For purposes of screening, Rubio has also alleged sufficient facts to plead the second prong of a failure to protect claim. To satisfy this prong, Rubio must allege that, for each of his claims, the defendants knew of the danger "yet failed to take appropriate steps." *Whaley v. Erickson*, 339 F. App'x 619, 623 (7th Cir. 2009). As to Count 1, Rubio claims that Cowan, Baldwin, and Anderson knew of his past issues with protective custody at Menard, that they knew of a recent statement by a Latin King gang member at Menard that Rubio needed to "leave or else," and that they failed to provide him with protection. As to Count 2, Rubio claims that he approached Cowan again after a "[threat group] representative[]" told him he could not remain in general population unless he rejoined the "Insane Unknown[s]," that he seemingly told her of this threat, and that she did not provide assistance. As such, he has pled enough to allege the necessary intent at screening. Accordingly, **Count 1** may proceed as to Cowan, Anderson, and Baldwin, and **Count 2** may proceed as to Cowan.

As his primary request for relief in this case, Rubio asks the Court to order Warden Butler to provide him with protective custody separate from "Insane Unknown and Latin King" members. To the extent this request constitutes a motion for a temporary restraining order, the motion must be denied. Under Federal Rule of Civil Procedure 65(b), a restraining order is proper only when a plaintiff puts forth "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." This type of relief is typically warranted in the prison context "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Here, although Rubio has included just enough facts to state failure to protect claims at the screening stage, he has not provided the kind of specific information about the threats against him that would show relief is necessary before the opposing party can respond.

While Rubio's motion for a restraining order must be denied, his request for protection could also be viewed as a motion for a preliminary injunction. The Court's early review dictates that Plaintiff's request for injunctive relief deserves consideration. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's request for a preliminary injunction will be referred to Magistrate Judge Philip M. Frazier, who shall resolve the request and issue a report and recommendation. Given the injunctive character of Rubio's requests for relief, Warden Butler of Menard will remain in this case in her official capacity only for the purpose of responding to injunctive orders. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

One closing note is in order concerning Rubio's repeat references to "serious imminent danger" and 28 U.S.C. § 1915(g) throughout his complaint. Section 1915 is a provision of the federal code that gives indigent prisoners the privilege of proceeding with a lawsuit without paying the full filing fee up front (otherwise known as proceeding *in forma pauperis*). *See* 28

U.S.C. § 1915(a).  This privilege is withdrawn from prisoners who have a history of frivolous litigation:  in 1996, the Prison Litigation Reform Act adjusted the pauper statute to require "prisoners to prepay the filing and docketing fees of most future suits" if they have had three or more prior federal actions dismissed as frivolous or malicious.  *Lewis v. Sullivan*, 279 F.3d 526, 527 (7th Cir. 2002).  There is an exception for cases where the prisoner is "under imminent danger of serious physical injury"; in those circumstances, a prisoner may proceed with his case without paying the full fee, regardless of his federal litigation history.  *See* 28 U.S.C. § 1915(g); *see also Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (struck out prisoner must pay the full filing fee upfront "unless he meets the 'imminent danger' exception").

In this case, Rubio has not disclosed any history of frivolous litigation, and a search of the Public Access to Court Electronic Records system does not reveal any frivolous dismissals.  As such, § 1915(g) seems to have no bearing on his case, and the Court will disregard Rubio's references to it at this time.  That said, Rubio has not yet paid the filing fee or filed a motion to proceed in this case *in forma pauperis* and pay the filing fee in installments from his prison trust fund account.  The Clerk of this Court has mailed him a letter advising him of the need to pay the fee or file a motion to proceed *in forma pauperis*.  If Rubio does not comply with that notification within the prescribed time period, his complaint will be dismissed.  If he decides to file a motion to proceed *in forma pauperis*, he should also disclose to the Court his federal litigation history, including any cases dismissed as frivolous under § 1915(e).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against **COWAN**, **ANDERSON**, and **BALDWIN**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **COWAN**.

**IT IS FURTHER ORDERED** that **WARDEN BUTLER** will remain as a defendant in this case in her official capacity only for the purpose of responding to injunctive relief.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **COWAN**, **ANDERSON**, **BALDWIN**, and **BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of the motion for injunctive relief, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon counsel once entered) a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **COWAN**, **ANDERSON**, and **BALDWIN** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Defendant **BUTLER** shall also file an appropriate responsive pleading to the complaint to the extent Plaintiff seeks injunctive relief or preliminary injunctive relief.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, as construed from a request in Plaintiff's complaint (Doc. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's Motion for a Preliminary Injunction, as construed from a request in Plaintiff's complaint (Doc. 1), is hereby **REFERRED** to United States Magistrate Judge Philip M. Frazier, who shall resolve the request for injunctive relief and issue a report and recommendation.  The period for filing any objections to Judge Frazier's report and recommendation shall not exceed **14 days** from the date of the report.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also **REFERRED** to United States Magistrate Judge Philip M. Frazier.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under 28 U.S.C. § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 7, 2015**

s/ STACI M. YANDLE
STACI M. YANDLE
United States District Judge
