IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR RUBIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-1094-SMY-PMF |
| | ) |
| REBBECCA COWAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier (Doc. 35). Judge Frazier recommends that the undersigned deny Plaintiff's motions for preliminary injunction (Docs. 4, 20). Plaintiff filed a timely objection (Doc. 38). For the reasons set forth below, this Court adopts Judge Frazier's Report and Recommendation in its entirety.

### Background

Plaintiff Salvador Rubio, an inmate currently incarcerated at Menard Correctional Center ("Menard"), filed this lawsuit alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his Eighth Amendment rights when they failed to place him in protective custody at Menard after he received gang-related threats from other inmates at the prison.

Plaintiff is a former member of a street gang known as the Insane Unknowns. At Menard, the Insane Unknowns are governed by a larger gang known as the Latin Kings. After retiring from the gang, Plaintiff began receiving threats encouraging him to enter protective custody or segregation. Plaintiff, who is classified as a "Level E" security risk is limited to the

1

general population East Cell House at Menard. After receiving the threats, Rubio requested a housing assignment in the protective custody unit.

Plaintiff is currently being housed in the North Cell House. The North Cell House is a protective custody unit comprised of four groups: intake, approved, kick out and involuntary. Plaintiff was assigned to Group 4 (kick out) because his safety concerns could not be verified or substantiated by internal affairs investigators. Plaintiff remains housed in North Cell House Group 4 while awaiting approval of his protective custody status from the administrative review board ("ARB"). Although his most recent request remains pending before the ARB, Plaintiff filed two motions for preliminary injunction with this Court (*see* Docs. 4, 20). Following an evidentiary hearing on Plaintiff's motions, Judge Frazier issued his Report and Recommendation.

The Report and Recommendation sets forth the nature of the evidence presented by both sides as well as the applicable law. Judge Frazier concluded that Plaintiff failed to establish the elements required to obtain a preliminary injunction (Doc. 35). Specifically, Judge Frazier found that Plaintiff's likelihood of success on the merits of his Eighth Amendment claim is low because Plaintiff cannot show that the defendants have acted with deliberate indifference to his serious needs given that his request for protective housing is being reviewed by the prison ARB and that Plaintiff is currently being housed in protective custody pending the ARB's decision.

## Discussion

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made"

2

and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad

administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

In his Objection, Plaintiff concedes that he has no opposition to the applicable law cited by Judge Frazier (Doc. 38, p. 1). However, he does object to how the law has been applied to his case. *Id*. Plaintiff asserts that he is seeking to mitigate his damages from a threatened attack by requesting prospective injunctive relief in the form of protective custody status based on the threats he has received from other inmates. *Id*. at p. 6. Plaintiff further asserts that if a preliminary injunction is not granted, he will likely be sent to the East cell house where he had previous issues. *Id*. at p. 10.

Although the Court is mindful of Plaintiff's concerns, Plaintiff is currently being housed in a protective custody unit pending a decision of by the ARB. Prison officials are aware of his situation and have made efforts to provide Plaintiff with protection until a decision on his protective status has been made. Again, preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek,* 520 U.S. at 972. After thoroughly reviewing the record before it, the Court agrees with Judge Frazier's analysis that Plaintiff has failed to reach his threshold burden for injunctive relief.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** Judge Frazier's Report and Recommendation (Doc. 35). Plaintiff's motions for preliminary injunction are **DENIED.**

**IT IS SO ORDERED.**

**DATED: April 15, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**